22 F.3d 1184
 306 U.S.App.D.C. 102
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
POLAR BROADCASTING, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America, Respondents,
Association for Maximum Service Television, Inc.,;
Association of America's Public Television Stations;
Corporation for Public Broadcasting; Public Broadcasting
Service; National Association of Broadcasters; Paging
Associates, Inc.; International Television Broadcasting,
Inc.; Sandra Engle; TV 58 St. Louis, Inc.; Morningstar
Communications; Zantech, Inc.; International Broadcasting
Network; Sherjan Broadcasting Co., Inc., Intervenors.
 No. 92-1597.
 United States Court of Appeals, District of Columbia Circuit.
 March 24, 1994.
 
 Before: WILLIAMS, GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was heard on the record from the Federal Comunications Commission and on the briefs by the parties and arguments of counsel. The court has accorded the arguments full consideration and determined the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 We have jurisdiction over the petition for review filed by and naming Polar Broadcasting, Inc., "et al.", as petitioner, but not over any claim by any party associated with Polar in the proceedings before the Commission. See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Rule 15, Federal Rules of Appellate Procedure. Petitioner has identified no final decision of the Commission that treats low-power television arbitrarily or capriciously, given the Commission's prior determination of the secondary status of such television:
 
 
 3
 First and foremost, we intend to maintain the secondary spectrum priority of low power stations, a policy that assures protection from interference to full service stations. Secondary spectrum priority has two aspects: low power stations may not cause objectionable interference to existing full service stations, and low power stations must yield to facilities increases of existing full service stations or to new full service stations where interference occurs.
 
 
 4
 Low Power Television, 51 Radio Reg.2d (P & F) 476, 486 (1982) (emphasis added), on reconsid., 53 Radio Reg.2d (P & F) 1267, 1269, reconsid. denied, 95 F.C.C.2d 657 aff'd, Neighborhood Television Co., Inc. v. FCC, 742 F.2d 629 (1984). Therefore, it is
 
 
 5
 ORDERED that the petition for review is denied.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).